UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JAYE BRUCKNER,

        Petitioner,               Case No. 2:18-cv-45

v.                                    Honorable Robert J. Jonker

THOMAS WINN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Jaye Bruckner is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. In 2016, Petitioner pleaded *nolo contendere* in the Chippewa County Circuit Court to first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b. On December 6, 2016, the court sentenced Petitioner as a habitual offender to 21 years and 8 months to 60 years in prison.

After Petitioner was appointed appellate counsel, Petitioner asked the trial court for leave to withdraw his plea. The trial court denied his motion. Petitioner then sought leave to appeal his conviction to the Michigan Court of Appeals, arguing that the trial court abused its discretion in denying his motion to withdraw the plea because Petitioner's plea was not knowing and voluntary; it was the product of ineffective assistance of counsel. The court of appeals summarily denied leave to appeal for lack of merit in the grounds presented. (Mich. Ct. App. Order, ECF No. 7-11, PageID.221.)

Petitioner subsequently applied for leave to appeal in the Michigan Supreme Court. That court summarily denied leave to appeal on June 20, 2017, because it was not persuaded the questions presented should be reviewed by the court. (Mich. Order, ECF No. 7-12, PageID.273.)

Petitioner filed a petition under § 2254 in this Court in March 2018, raising the following four grounds for relief:

    I.      Miranda Rights Violation[.]

    II.     Ineffective assi[s]tance of counsel[.]

    III.    3 motions to compel[] discovery of original audio and motion to strike audio due to original destroyed[.]

    IV.    DHS and prosecutor failed to follow forensic Protocol.

(Pet., ECF No. 1, PageID.6, 7, 9, 10.)

Respondent has filed an answer to the petition (ECF No. 6) arguing that the grounds should be denied because they have not been exhausted and/or they are meritless. Petitioner has filed a reply. (ECF No. 9.) Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are meritless. Accordingly, I recommend that the petition be denied.

## Discussion

### I.    AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial

3

court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## II. Ground One: *Miranda* violation

A detective at the Chippewa County Sheriff's Department interviewed Petitioner in August 2015, at the police station.  (*See* 8/29/2016 Mot. Hr'g Tr. 5-6, ECF No. 7-6.)  Petitioner attended the interview voluntarily.  At the interview, the detective gave Petitioner a card listing Petitioner's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  Petitioner signed the card.  Petitioner subsequently made incriminating statements about his involvement in the charged offenses.  In Ground One of his habeas petition, Petitioner claims that the detective told him to sign the card but did not ask whether Petitioner understood it.  Petitioner also claims that he repeatedly told the detective that he "did not want to do this" and that he wanted to go home, but the detective ignored his requests. (Pet., PageID.6.)  Finally, when Petitioner said "I'm done," the interview ended.  (*Id.*)  Petitioner apparently claims that the state violated his right against self-incrimination because it did not follow the procedures in *Miranda* or respect his constitutional rights.

The Fifth Amendment of the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."  In *Miranda*, the Supreme Court held that, in order to protect an individual's Fifth Amendment privilege against self-incrimination, when an individual is in custody, law enforcement officials must warn the suspect before his interrogation begins of his right to remain silent, that any statement may be used against him, and that he has the right to retained or appointed counsel.  *Miranda*, 384 U.S. at 478-79.

Petitioner's attorney filed a motion to suppress Petitioner's statements, ostensibly arguing that the state violated Petitioner's rights under the Fifth Amendment.  The trial court

4

denied the motion after hearing testimony from the detective who interviewed Petitioner and after reviewing audio/video of the interview. (*See* 8/30/2016 Ruling Tr. 3, ECF No. 7-7.) The court found that Petitioner freely and knowingly engaged in a conversation with the detective after reading his *Miranda* rights. (*Id.* at 4-5.) At no point did he tell the detective that he wanted to stop the interview or that he wanted to leave, even though he could have done so. Nor did he ever ask for an attorney. (*Id.* at 6-7.) In addition, he clearly understood the implications of his statements when he made them. After disclosing his sexual relationship with the victim, he told the detective, "I know I'm not going home after this. . . . I'm not going home at this point. . . . Now I can see that I'm in trouble and I'm not gonna go home. . . . I'm going to go to jail." (*Id.*)

Petitioner raised the *Miranda* issue in his application for leave to appeal to the Michigan Supreme Court, but he did not raise it in his appeal to the Michigan Court of Appeals. Consequently, as Respondent observes, Petitioner has not properly exhausted this claim.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must fairly present his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner did not fulfill this requirement because he failed to raise his claim at all levels of the state appellate system,

5

including the Michigan Court of Appeals. Moreover, the claim remains unexhausted because Petitioner still has at least one available procedure by which to raise the *Miranda* issue. He may file a motion for relief from judgment in state court under subchapter 6.500 of the Michigan Court Rules.

Nevertheless, this Court may deny the petition on the merits notwithstanding Petitioner's failure to exhaust the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(b)(2). Petitioner's claim does not provide a basis for habeas relief because he waived it when entering his plea. An unconditional plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. A *nolo contendere* plea stands on equal footing with a guilty plea in this respect. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) ("Like a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him."). Without a "jurisdictional" issue, Petitioner "may only attack the voluntary and intelligent character of the [plea]." *Tollett*, 411 U.S. at 267.

A *Miranda* violation is not a "jurisdictional" issue. *See Reed v. Henderson*, 385 F.2d 995, 996 (6th Cir. 1967). And such a violation did not affect the voluntary or intelligent nature of Petitioner's plea. Indeed, Petitioner pleaded guilty after raising the *Miranda* issue to the trial court and losing. Instead of proceeding to trial and challenging the use of his statements as

evidence against him at trial or on appeal, he decided to take advantage of a plea. He does not offer any reason for questioning the validity of that plea. Thus, he waived the *Miranda* claim when entering his plea. *See United States v. Tucker*, 511 F. App'x 166, 169-70 (3d Cir. 2013) (noting that *Miranda* claims are waived by a plea). Consequently, he cannot obtain relief on the *Miranda* issue in these proceedings. In short, Ground One fails to state a meritorious claim for relief.

### III.    Ground Two: Ineffective Assistance of Counsel

Petitioner also contends that he received ineffective assistance of counsel for the following reasons: (1) "counsel never explained what [the] victim[']s account all meant"; (2) a few days after Petitioner entered his plea, he asked his attorney to file a motion to withdraw the plea, but "counsel said no"; and (3) he asked his attorney to subpoena blood test results of the victim, but counsel refused to do so. (Pet., PageID.7) Petitioner asserts that he has a sexually transmitted disease, but he "knows for a fact" that the victim does not have one. (*Id.*)

Review of the record indicates that Petitioner exhausted only the second of these three issues on appeal.[1] He raised the third issue only in his appeal to the Michigan Supreme Court, so that issue is not exhausted. It does not appear that he ever raised the first issue on appeal, so that issue is also not exhausted. Nevertheless, none of these claims warrant habeas relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. The petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance

---

[1] Petitioner raised different concerns about his counsel's assistance when he filed his appeal. For instance, he argued that his plea was invalid because, among other things, counsel "never discussed the possibility of going to trial or . . . trial strategy or possible defenses at trial[.]" (Def.'s Br. on App., ECF No. 7-11, PageID.234.) Petitioner does not raise any of these concerns in his petition, however.

7

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was not objectively reasonable, Petitioner is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where a petitioner challenges a conviction that is based on a plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Issue 1 is too vague to provide a basis for relief. It is not clear what "account" Petitioner is referring to, or why his attorney should have explained it to him. He does not contend that counsel's failure to explain the victim's account had any impact on his decision to plead guilty, or on any other aspect of his proceedings, and it is not apparent how it could have had such an affect.

Petitioner may be referring to the "victim's account" that was used to determine his sentence score under Michigan's sentencing guidelines. (*See* Plea Hr'g Tr. 6, ECF No. 7-8.)

8

However, Petitioner expressly acknowledged at his sentencing hearing that he reviewed the state's pre-sentence report with his attorney.  (Sentencing Hr'g Tr. 3-4, ECF No. 7-9.)  That report would have contained the facts relevant to his sentence score.  Petitioner does not allege any deficiency in counsel's conduct or advice with respect to his sentence, let alone a deficiency that could have had an impact on the outcome of Petitioner's proceedings.

Issue 2 is meritless for lack of prejudice.  Petitioner does not explain how his trial attorney's failure to file a motion to withdraw the plea impacted the outcome of his proceedings.  Indeed, his *appellate* attorney filed such a motion and the trial court denied it.  Petitioner does not explain why his trial attorney should have filed the motion or what difference it would have made if she had done so.  Moreover, Petitioner did not have a constitutional right to withdraw his plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989).

Issue 3 is meritless because Petitioner waived all issues regarding the performance of his counsel preceding the plea, insofar as those issues are not related to the validity of the plea. *See United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001) (claims concerning pre-plea ineffective assistance of counsel are waived by a plea).  Counsel's failure to subpoena blood test results from the victim could not have undermined Petitioner's decision to plead guilty.  Counsel did not need to subpoena any evidence in order for Petitioner to make a voluntary and intelligent decision to enter a plea.  Thus, the issue was waived by his plea.

Accordingly, Ground Two fails to state a meritorious claim.

### IV.    Ground Three:  Original Audio Destroyed

Petitioner contends that the "original audio" of a recording between the victim and a DHS interviewer was destroyed.  (Pet., PageID.9.)  He contends that the prosecutor and DHS told the victim what to say at an interview, and that an investigator determined that a part of the

victim's statement was false. (*Id.*) He also refers to a motion to strike the recording filed by his attorney. His attorney asked to strike the recording because it appeared to be incomplete and it was a "re-recording." (*See* 5/10/2016 Mot. Hr'g Tr. 4, ECF No. 7-3.)

Petitioner did not exhaust this claim,[2] but it is meritless anyway. He waived any objections to the strength or validity of the evidence against him when he entered his plea. The validity of his conviction rests upon his plea. It does not depend upon statements from the victim or conduct by the prosecutor and DHS before the plea. Thus, even if he is correct about the recording or the victim's statements in it, he would not be entitled to relief.

## V.     Ground Four:  DHS and Prosecutor Did Not Follow Forensic Protocol

In his fourth and final claim, Petitioner claims that the DHS interviewer and the prosecutor did not follow proper protocol when interviewing the victim because they asked her about specific people and places, which led her to make false allegations about those people and places. In addition, Petitioner suggests that the prosecutor improperly fed the victim information because the victim was aware of Petitioner's prior conviction at the interview, but she was not aware of it prior to that time, when she was living with Petitioner.

This claim is not exhausted,[3] but the Court can deny it because it is plainly meritless. His conviction is based on his plea. It is not based on the victim's statements at an interview. He waived any objections to the evidence against him, including the evidence of the victim's statements, when he entered his plea. Thus, he waived the issues in Ground Four.

In short, for all the foregoing reasons, Petitioner's habeas petition fails to raise a meritorious federal claim.

---

[2] Petitioner did not present the issue to the Michigan Court of Appeals.
[3] Petitioner did not present the issue to the Michigan Court of Appeals.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial

of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied.

Dated:   September 13, 2019              /s/ Maarten Vermaat
                                                            Maarten Vermaat
                                                            United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).